IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                 Plaintiff,                     ORDER

        v.                              04-CR-112-C-02

SASHA M. DENNIS,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Sasha M. Dennis's supervised release was held on February 18, 2010, before United States District Judge Barbara B. Crabb.  The government appeared by Assistant United States Attorney Grant C. Johnson.  Defendant was present in person and by counsel Associate Federal Defender Erika L. Bierma.  Also present was Senior United States Probation Officer Helen Healy Raatz.

From the parties' stipulation, I make the following findings of fact.


FACTS

Defendant was sentenced in the Western District of Wisconsin on December 13, 2004, following her conviction for distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  This offense is a Class C felony.  Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 75 months, with a 36-month term of supervised release to follow.  On February 9, 2006, this sentence was amended to a term

of imprisonment of 57 months, with a 36-month term of supervised release to follow. The sentence was amended again on March 14, 2008, to time served, with a 36-month term of supervised release to follow.

Defendant's term of supervised release began on March 14, 2008. From May 2009 through December 2009, defendant violated Standard Condition No. 2 by failing to submit her monthly report forms. On January 17, 2010, defendant violated the statutory condition of supervision prohibiting her from committing another federal, state or local crime and the standard condition of supervision requiring her to report police contact when she failed to report to her supervising probation officer the ticket for disorderly conduct issued her by the Eau Claire Police Department.

On January 22, January 25 and February 4, 2010, defendant violated the standard condition of supervision requiring her to answer truthfully all inquiries by the probation officer when she lied about her whereabouts and activities on each of those dates.

On January 23 and February 5, 2010, defendant consumed alcohol in violation of the special condition of supervision requiring her to abstain from the use of alcohol.

On February 3 and February 5, 2010, defendant violated the special condition requiring her to participate in a program of home detention when she left her residence without the prior permission of her supervising probation officer.

On February 4, 2010, defendant violated the statutory condition of supervision prohibiting her from committing another federal, state or local crime when she obstructed justice by identifying herself as Yvonne M. Dennis to a law enforcement officer.

2

Defendant's conduct falls into the category of a Grade C violation.   Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release or modify the conditions of supervision upon a finding of a Grade C violation.

## CONCLUSIONS

Defendant's violations warrant revocation.  Defendant's criminal history category is I.  With a Grade C violation, defendant has an advisory guideline term of imprisonment of 3 to 9 months.   The statutory maximum to which defendant can be sentenced upon revocation is 24 months, because her offense is a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence above the guideline range.  The intent of this sentence is to protect the public from defendant's criminal behavior, hold her accountable for her actions and provide her the opportunity to participate in a correctional treatment program.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on February 9, 2006, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of  24 months.  No term of supervised release shall follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 18th day of February 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
Chief District Judge